Andrew D. Skale (SBN 211096)
askale@mintz.com
Ben L. Wagner (SBN 243594)
blwagner@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Attorneys for Plaintiff
FLOW SPORTS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOW SPORTS, INC.,<br><br>          Plaintiff,<br><br>vs.<br><br>BRITT TURKINGTON, and S I CREATIONS,<br><br>          Defendants. | Case No. **'16CV1073 JAH KSC**<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT**<br><br>**[JURY TRIAL DEMANDED]** |

Flow Sports, Inc. ("Flow" or "Plaintiff") brings this suit for trademark infringement against Britt Turkington and S I Creations (together, "Defendants") and alleges as follows:

## THE PARTIES

1. At all relevant times, Flow was, and presently is, a California corporation with its principal place of business in San Clemente, California.

2. Upon information and belief, Defendant S I Creations is a Texas company (of business entity form unknown) owned by Britt Turkington.

3. Upon information and belief, Defendant Britt Turkington was, and presently is, a resident and citizen of the State of Texas.

4. Defendants' actions alleged herein were those of themselves, their agents and/or their licensees, and they are jointly and severally liable for all actions.

**JURISDICTION AND VENUE**

5. This Court's jurisdiction rests upon 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338.

6. Personal jurisdiction exists over the Defendants because they have intentionally infringed on the trademark of a company knowingly based in San Clemente, California, and thus intentionally and purposefully directed their harmful conduct to the trademark owner felt predominantly in California, and have substantial contacts with California so as to not offend traditional notions of fair play and substantial justice in defending suit in this forum.  Defendants purposefully directed their harmful conduct alleged below at this forum.

7. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTUAL ALLEGATIONS**

**The Valuable SIC Trademark**

8. Flow is a California corporation specializing in action- sports equipment and consumer goods.

9. In 2012, Flow validly acquired U.S. Trademark Registration No. 4,174,876 (the '876 Registration) for "SIC", along with all trademark rights and goodwill from the prior registrant.  Use of the SIC trademark, as referenced herein, refers to use by Flow and/or its predecessors in interest.

10. The '876 Registration covers paddle surfboards, in International Class 28.  The mark SIC was used in commerce at least as early as November 30, 2005 (as specified in the registration), and the application was filed on November 14, 2011.  Herein, "paddle surfboards" and "paddleboards" are used interchangeably.

11. A true and correct copy of the '876 Registration is attached as **Exhibit A** hereto. Attached as **Exhibit B** is a true and correct copy of the assignment record from the USPTO's TESS online database, identifying Flow as the owner of the '876 Registration and all rights subsisting therefrom.

12. Flow's SIC paddleboards have been sold continuously and in substantial number since adoption of the trademark. Just since acquiring the '876 Registration, Flow has sold millions of dollars-worth of stand-up paddleboards in the United States using the SIC mark. Stand-up paddleboards ("SUP"s) are one popular type of paddle surfboard.

13. Flow's paddleboards have enjoyed substantial success and popularity in the United States market.

14. Flow has used the SIC trademark continuously and substantially on and in connection with its paddleboard products, and the trademark is extremely valuable to Flow. The SIC trademark has become well-known in the United States based on Flow's extensive use.

**Defendants' Infringing Use of the SIC Mark and Defendant Turkington's Unsuccessful Attempt to Cancel the '876 Registration**

15. Defendant Turkington unsuccessfully petitioned the United States Patent and Trademark Office ("USPTO") to cancel the '876 Registration, Cancellation Proceeding Number 92,059,814 ("Petition" or "Cancellation Proceeding").

16. In Defendant Turkington's Petition, he claimed that he had used the SIC mark on "surfboards" (referring to short boards and long boards, not paddle surfboards) prior to the November 30, 2005 priority date specified in the '876 Registration. The USPTO rejected this claim and dismissed Defendant Turkington's Petition with prejudice on February 3, 2016. That dismissal is now final without further right of appeal.

3

17. In an October 3, 2015 filing in the Cancellation Proceeding, Defendant Turkington asserted that he "also makes paddle surfboards" using the SIC trademark.

18. Defendants' adoption of the "SIC" trademark for use on or in connection with paddle surfboards was only recently, long after Flow's first use and after Flow had obtained a registration, and was done maliciously and intentionally in order to impinge upon Flow's SIC paddle surfboards.

19. Defendants' actions and counterfeit use of the SIC trademark on paddle surfboards are a blatant affront to Flow's trademark rights.

20. Defendants' infringement of Flow's trademark rights was, and continues to be, knowing and willful.

21. Flow brings this suit to protect its valuable trademark rights and seeks recovery for their violation.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)
### (Against Defendants Turkington and S I Creations)

22. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

23. Plaintiff owns the SIC mark, including the '876 Registration, including for use on or in connection with paddle surfboards.

24. Defendants have used the SIC mark or a confusingly similar variation of the mark in connection with the sale, offering for sale, distribution or advertising of paddle surfboards. The marks are identical, used on the same goods, and targeted at the same audience, and Defendants' adoption of the SIC mark was willful and malicious.

25. Defendants' use of the infringing mark has caused confusion in the marketplace, is likely to cause both confusion and mistake, and is likely to deceive

consumers; the marks used by Defendants are identical or substantially similar in sound, appearance and meaning to Plaintiff's trademark.

26. Such use was done willfully and with knowledge that such use would or was likely to cause confusion and deceive others.

27. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has been damaged within the meaning of 15 U.S.C. § 1114 *et seq*.

28. Defendants' use constitutes a counterfeit, which was willfully used, and thus Flow is entitled to statutory damages of up to $2 million per counterfeit mark per type of goods or services sold, offered for sale, or distributed, under 15 U.S.C. § 1117.

29. Plaintiff has suffered damages in an amount to be established after proof at trial or in the statutory amount.

30. Plaintiff is further entitled to disgorge Defendants' profits for its willful sales and unjust enrichment.

31. This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a). Defendants' acts were malicious, fraudulent, deliberate and willful, and taken in bad faith. Plaintiff is entitled to its attorney's fees and a trebling of its damages.

32. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants, including to Plaintiff's goodwill and dilution of its mark. Thus, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

1. A judgment in favor of Plaintiff and against Defendants on all counts;

2. A preliminary and permanent injunction from trademark infringement by Defendants;

3. Damages in an amount to be determined at trial;

4. Defendants' unjust enrichment and/or disgorgement of Defendants' profits;

5. Trebling of damages for willful infringement;

6. Pre-judgment interest at the legally allowable rate on all amounts owed;

7. Statutory damages of up to $2 million under 15 U.S.C. § 1117 for infringement of a registered mark, including by use of a counterfeit mark;

8. Costs and expenses;

9 Attorney's fees and other fees under, among others, 15 U.S.C. § 1117 *et seq*. as an exceptional case;

10. Restitution; and

11. Such other and further relief as this Court may deem just and proper.

Dated: May 3, 2016

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C .

By *s/Ben L. Wagner*
Andrew D. Skale
Ben L. Wagner

Attorneys for Plaintiff
FLOW SPORTS, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues that are so triable.

Dated:  May 3, 2016               MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.


By *s/Ben L. Wagner*
Andrew D. Skale
Ben L. Wagner

Attorneys for Plaintiff
FLOW SPORTS, INC.

47600007v.2